**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| ROSIA MATHIS, : | |
| : | |
| Claimant, : | |
| : | |
| v.  : | CASE NO. 3:07-CV-131 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### ISSUES

I.   **Whether the ALJ erred in relying on Vocational Expert testimony which conflicted with the DOT?**

II.  **Whether the ALJ erred in failing to ask a complete hypothetical to the Vocational Expert?**

### Administrative Proceedings

Claimant filed for disability benefits on July 23, 2002. (R-9, p. 1). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for

a hearing before an administrative law judge (ALJ) which was ultimately held on December 5, 2003. (T-221-240). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated Jan 21, 2006. (T-14-22). Claimant then requested a review of the ALJ's findings by the Appeals Council and submitted new evidence for review. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to a mental impairment, a nervous breakdown. (T-75). After examining the medical records, the ALJ determined that Claimant had a depressive disorder and a history of psychotic disorder, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-15). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform simple one to two step tasks. (T-19). The ALJ then utilized the testimony of a vocational expert to determine, after finding that she had no past relevant work, whether there were jobs existing in significant numbers in the national economy that she could perform. Following his determination that such jobs did exist, the ALJ then found that Claimant was not disabled. (T-20-21).

## DISCUSSION

**I.    Did the ALJ err in relying on VE testimony which conflicted with the DOT?**

Claimant argues that the ALJ improperly relied on the VE's testimony because it conflicted with the Dictionary of Occupational Titles (DOT) when he found that she could

perform work as a laundry worker, housekeeper or dishwasher. (R-9, p.9). Additionally, Claimant argues that the ALJ failed to obtain an explanation for the conflict. *Id*.

Claimant first alleges that the ALJ's determination that she could perform work as a laundry worker, housekeeper or dishwasher, each require a Level 2 Reasoning Development. Dictionary of Occupational Titles, 4th Ed, 1991. Claimant contends that as jobs with an R:2 reasoning level require an individual to carry out detailed but uninvolved written or oral instructions, and the ALJ restricted her to only simple one to two step tasks. Therefore, Claimant contends she would only have the ability to perform jobs classified as GED:R1, which require the ability to carry out only simple one-to-two step instructions. *Id*.

Although it does not appear that the Eleventh Circuit has addressed this issue, it has been addressed in other circuits. In *Meissl v. Barnhart*, the court addressed the issue of whether a person limited to carrying out simple, repetitive instructions could still perform a job with a reasoning level of 2. 403 F.Supp.2d 981, 984 (C.D. Cal., 2005). In *Meissl*, the court reasoned:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. 20 C.F.R. § 416.969a(c)(1)(iii); *see also* 20 C.F.R. 404, subpart P, Appendix 1, Listing 12.00C(3) ("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks"). The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking . . . apprehend the most abstruse classes of concepts" at level six). DOT at 1010-1011. To equate the

5

> Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity. Even more problematic for [Claimant's] position is that she ignores the qualifier the DOT places on the term "detailed" as also being "uninvolved." This qualifier certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale. . . .

*Meissl*, 403 F.Supp.2d at 984. The court then determined that the claimant's reasoning level was at a level two, rather than a one. *Id*; *citing Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine tasks"); *Money v. Barnhart*, 91 Fed.Appx. 210, 214, 2004 WL 362291, at *3 (3rd Cir. 2004)[2] ("Working at reasoning level 2 would not contradict the mandate that her work be simple, routine, and repetitive").

As to her claim that the ALJ failed to obtain an explanation for the conflict between the VE's testimony and the DOT, Claimant refers the court to a United States District Court case from the Middle District of Florida wherein she cites a portion of the decision which held that:

> [S]everal courts have found that the GED's reasoning level does,

---

[2] Eleventh Circuit Rule 36-2 allows an unpublished case to be cited as persuasive authority. (CTA11 RULE 36-2).

> in fact, pertain to the work requirements of a job and thus, is relevant where an ALJ limits a plaintiff to the performance of simple and/or repetitive tasks. Moreover, the Court notes that it has reviewed several cases in which courts have acknowledged that reasoning levels are a component of GED, but, nevertheless, ordered remand, pursuant to SSR 00-4p, based upon the ALJ's failure to elicit a reasonable explanation from a VE regarding an apparent conflict between the VE's testimony that a plaintiff, who was limited to performing simple and repetitive tasks, could perform a job that the DOT classified as either requiring a reasoning level of two or three. Defendant has neither acknowledged these cases nor cited any case law in support of his argument that the GED's reasoning level merely relates to the educational level needed to perform a job and, thus, has no relation to the work demands of a job.

*Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1342-1343 (M.D. Fla. 2007) (internal citations omitted). (R-, p. 109). The Eleventh Circuit, however, has held that

> "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.' " The Commissioner correctly responds that agency rulings "do[ ] not bind this [C]ourt." " 'Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same. A ruling may be superseded, modified, or revoked by later legislation, regulations, court decisions or rulings.'" Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit. *See Jones,* 190 F.3d at 1229-30.

*Miller v. Commissioner of Social Security*, 246 Fed. Appx. 660, 662 (11th Cir. 2007).

Furthermore, Social Security Ruling 00-4p states, in relevant part, as follows:

7

> Occupational Evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an **apparent unresolved conflict** between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. (Emphasis added).

In this case, the ALJ did ask the VE to notify her if any of his testimony conflicted with the DOT. (T-236). No conflicts were noted by the VE during his testimony. Because there was no "apparent conflict" between the VE's testimony and the DOT, the ALJ was not required under SSR 00-4p to elicit a "reasonable explanation" from the VE as to the supposed conflict. Therefore, no error is found in the ALJ's reliance on the testimony of the VE and it is found that the ALJ did not improperly determine that Claimant was capable of performing work as a laundry worker, housekeeper or dishwasher.

**II.    Did the ALJ fail to compose a complete hypothetical to the Vocational Expert?**

Lastly, Claimant contends that the ALJ failed to compose a complete hypothetical question to the Vocational Expert (VE) where he failed to include all of the limitations as found by the agency psychologist and upon which the ALJ relied significantly. (R-9, p. 12).

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d

1251, 1256-57 (5th Cir. 1977). *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Taken further, hypothetical questions posed to vocational experts by ALJ's must set out precisely the claimant's particular physical and mental impairments. *Taylor v. Sullivan*, 951 F.2d 878, 882 (8th Cir. 1991). *See also Kosman v. Shalala,* 990 F.2d 1258 (9th Cir. 1993). In addition, a hypothetical need only contain a claimant's credible limitations. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998).

Claimant is correct in that the ALJ did accord significant weight to the opinion of the state agency psychologist. (T-18). As is pointed out by the Commissioner in his brief in this matter, however, the ALJ specified that the portion of the state agency psychologist's opinion to which he was assigning significant weight was the "carefully written summary of the inconsistencies between [Claimant's] allegations and objective treatment records." *Id.* Nowhere in her decision does the ALJ state that she is relying on the Mental Residual Functional Capacity Assessment completed by the psychologist. As such, no error is found in the ALJ's ultimate determinations regarding the hypothetical questions posed to the vocational expert.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the

ALJ acting outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 6th Day of October, 2008.

                             S/ G. MALLON FAIRCLOTH
                             UNITED STATES MAGISTRATE JUDGE

eSw